UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BROOKLYN DOWNTOWN HOTEL LLC,
et al.,

         Plaintiffs,

    - against -

NEW YORK HOTEL AND MOTEL TRADES
COUNCIL, AFL-CIO, et ano.,

         Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-6067 (ILG) (SMG)

GLASSER, Senior United States District Judge:

  Plaintiffs, a web of 40 companies whose ultimate owners are members of the family of Kin Chung Lam (also known as John Lam) and/or trusts intended to benefit that family's members, designees, or heirs (together, the "Lam Family"), bring this action against the New York Hotel and Motel Trades Council, AFL-CIO (the "Union") and Interstate Hotels & Resorts, Inc. ("Interstate"; together, "defendants"). Plaintiffs own eight hotels in New York City (four in Manhattan, three in Brooklyn and one in Queens) and plan to open four more in Manhattan in the near future.[1] Their Amended Complaint accuses defendants of colluding with non-party co-conspirators in an unlawful attempt to unionize the employees of those hotels in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169; Section 16 of the Clayton Act, 15 U.S.C. § 26; Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2; New York law; and public policy.

  Pending before the Court are motions by defendants to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C.

---

[1] Plaintiffs' memorandum of law in opposition to defendants' motions indicates that nine hotels are currently open, but the Amended Complaint lists only eight.

1

§ 1404(a), or, in the alternative, to stay these proceedings awaiting the determination of an appeal to be explained hereafter. Interstate has also moved to recover its costs and attorneys' fees for litigating its motion. For the following reasons, the motions to transfer are GRANTED and the other requests are DENIED without prejudice to their renewal in the Southern District.

## BACKGROUND

The core issue in this case, and the symbiotic cases referred to herein, reduced to its skeletal terms, is whether plaintiffs' hotels are bound by the provisions of a collective-bargaining Industry-Wide Agreement ("IWA") between the Union and the Hotel Association of New York City to which they were not parties. The Union believes that the hotels are bound because Chelsea Grand, LLC ("Chelsea Grand," another Lam-controlled company that owns the Four Points by Sheraton hotel on West 25th Street in Manhattan) engaged Interstate to manage its hotel at a time when Interstate was a party to, and therefore bound by, the IWA. An accretion clause in the IWA obligates all hotels and management organizations which are parties to it to apply its provisions to any other hotel they subsequently acquire or manage. The Union argues that Interstate thus bound Chelsea Grand to the IWA by virtue of its apparent authority as managing agent and/or as a joint employer, and, therefore, all other hotels subsequently acquired or managed by the Lam Family are also bound by the IWA, including the 12 at issue in this case. Plaintiffs claim this argument (1) is factually incorrect because neither Chelsea Grand nor plaintiffs here were ever signatories to the IWA or (2) violates federal and state labor and antitrust law.[2]

---

[2] Plaintiffs claim that the Union is premising its claims at least in part on a 2012 revision to the IWA's accretion clause, but the Union has been making the argument that the accretion clause applies to other Lam Family hotels since at least 2008.

2

This is not, however, the first dispute between Lam Family corporations and defendants on this issue.  The Court has reviewed the initial petition filed in March 2007 by Chelsea Grand against the Union with the New York State Supreme Court in New York County to vacate three arbitral awards in favor of the Union which held Chelsea Grand and Interstate to be joint employers (and therefore bound by the IWA) and imposed continuing substantial monetary penalties on Chelsea Grand so long as it failed to comply with the IWA.  Those awards were obtained pursuant to the resolution of disputes by arbitration provided by the terms of the IWA.  Chelsea Grand claimed it was not notified of those arbitration hearings until after the fact, was not a party to these hearings, and did not in any way participate in them.  Therefore, in its New York State court petition, Chelsea Grand claimed that the awards should be set aside because (1) of fraud or misconduct, (2) the procedures of Article 75 of the New York Civil Practice Law and Rules (which govern arbitrations) were not followed, (3) there was no valid agreement to arbitrate by which Chelsea Grand was bound, and (4) even if there were such an agreement, it was not complied with.  The Union removed that state proceeding to the United States District Court for the Southern District of New York, federal jurisdiction being based on the asserted existence of a federal question to which 29 U.S.C. § 185 is applicable.  The Southern District docketed that removed proceeding as 07 Civ. 2614 (the "'07 Action") and it was assigned to the Honorable Paul A. Crotty, U.S.D.J..  The Union, by its answer to the petition, sought confirmation of the arbitral awards.

In November 2008, with the '07 Action pending in the Southern District, Chelsea Grand commenced another action (the "'08 Action"), this time against Interstate, in the United States District Court for the Eastern District of Virginia.  That action was pleaded

3

in a 30-page complaint of more than 100 paragraphs which, although alleging claims for breach of contract, breach of fiduciary duty, and fraud based on the same facts, sought essentially the same relief in another guise as was sought in the succinctly pleaded 7-page petition in the '07 Action. Interstate's motion to transfer the '08 Action to the Southern District of New York was granted in January 2009, and the matter was docketed there as 09 Civ. 924 (the "'09 Action") and also assigned to Judge Crotty as related to the '07 Action. Adjudication of the '09 Action has been stayed pending a final decision on the '07 Action against the Union.

On September 29, 2014, Judge Crotty decided the '07 Action in an Opinion & Order containing a comprehensive explication of the facts found after a bench trial and a carefully reasoned application of the law to those facts, confirming the arbitral awards and directing that judgment be entered in favor of the Union. Familiarity with that decision, reported at 2014 WL 4813028, is presumed. Chelsea Grand's appeal from that decision was promptly filed on October 20, 2014, and it is currently pending in the United States Court of Appeals for the Second Circuit as of this writing.

On October 16, 2014, four days before Chelsea Grand filed its appeal, these plaintiffs filed their original 91-paragraph, 21-page Complaint in this case (Dkt. No. 1), naming only the Union as a defendant and seeking only a declaratory judgment. On November 16, 2014, plaintiffs filed an Amended Complaint (Dkt. No. 12), consisting of 163 paragraphs spread over 49 pages, which named Interstate as an additional defendant and added antitrust and New York law claims to their initial claims for declaratory relief. Chelsea Grand is not among the 40 plaintiffs here for the obvious reason that it is the plaintiff seeking essentially the same relief in the '07 Action and the '09 Action before Judge Crotty in the Southern District. The essential issues in all the

4

actions referenced above are the same, whatever the dress with which the plaintiffs seek to adorn them.

## DISCUSSION

In ruling on a motion pursuant to 28 U.S.C. § 1404(a), the Court would customarily bottom its decision on a discussion of the burden of proving the merits of that motion, who bears that burden, the two-pronged test for determining whether the motion should be granted and the ten or so factors to consider in arriving at that determination.  See, e.g., Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989) (citing, inter alia, Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)); In re Hanger Orthopedic Grp., Inc. Sec. Litig., 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006).

Here, however, having read Chelsea Grand's initial petition that was removed to the Southern District in 2007, the Opinion & Order issued by Judge Crotty regarding that petition (cited above), the complaint against Interstate filed in Virginia which was transferred to and is pending before the Southern District, and the Amended Complaint now before this Court, to say nothing of the voluminous attorney declarations, memoranda of law, and exhibits filed in this motion, the Court is driven to conclude that this case reeks of forum shopping.  If the purpose of 28 U.S.C. § 1404(a) is to be honored, the interests of justice compel the Court to transfer this action to the Southern District, where its underlying allegations have been litigated for the past eight years.

The motion to transfer having been determined, the Court is impelled to observe that the Amended Complaint is a stunning violation of Federal Rule of Civil Procedure 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  It

5

is neither short, nor plain, nor are a sizeable number of its 163 paragraphs relevant to a statement of the discrete issues in this case which form the basis for plaintiffs' claims for relief. For example, paragraphs 1-101 are "repeat[ed] and incorporated by reference . . . as if fully set forth herein" 8 times. Many other paragraphs are repeated verbatim throughout. Compare Am. Compl. ¶ 121 with ¶¶ 131, 139, 150, 159; compare ¶ 123 with ¶¶ 132, 140, 147, 160.

This outsized complaint calls to mind an address by Lord Buckmaster, formerly Lord Chancellor of England, in the course of which he related that

> in the reign of the Stuarts there was one counsel who had offended the court by preparing a needlessly long and prolix pleading on parchment. He was ordered to have his pleadings taken, a large hole to be cut in the middle, he was to have his head pushed through it, and he was to attend the first day of the term of every court with his head through the pleadings.

Lord Buckmaster, The Romance of the Law, 11 A.B.A. J. 579, 581 (Sept. 1925).

## CONCLUSION

For the foregoing reasons, defendants' motions to transfer venue of this case to the United States District Court for the Southern District of New York are GRANTED pursuant to 28 U.S.C. § 1404(a) and in the interests of justice. All other relief sought by defendants, including Interstate's motion for costs and attorney's fees, is DENIED without prejudice to the renewal of the requests before the transferee court. See In re Plumbing Fixture Cases, 298 F. Supp. 484, 495 (J.P.M.L. 1968) ("the jurisdiction and powers of the transferee court are coextensive with that of the transferor court . . . the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer" (citations omitted)). The Clerk of Court is directed to transfer this case to the Southern District of New York in

accordance with the procedures set forth in Local Civil Rule 83.1 and to close the case here as soon as that transfer is complete.

SO ORDERED.

Dated:   Brooklyn, New York
         February 25, 2015

                                        /s/
                                I. Leo Glasser
                                Senior United States District Judge